IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ARNOLD MUNOZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:18-CV-199-D |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

On October 17, 2018, petitioner ARNOLD MUNOZ, a state prisoner, filed a petition for a federal writ of habeas corpus requesting this Court find he is entitled to immediate release from the custody imposed as a result of his state sentence to early release on the Texas mandatory supervision program. For the following reasons, this Court must deny petitioner federal habeas corpus relief.

I.
BACKGROUND

On July 26, 1986, petitioner committed the offense of murder with a deadly weapon in the State of Texas. *State v. Munoz*, No. 86-CR-1134-C. At the time petitioner committed his offense, the applicable state statute provided:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he

>has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Tx. Code Crim. Proc. art. 42.18 § 8(c) (1986).[1]  On November 3, 1987, in the 94th Judicial District Court of Nueces County, Texas, petitioner was convicted of the July 26, 1986 murder with a deadly weapon offense and sentenced, as a habitual felony offender, to life imprisonment.  Petitioner was subsequently transferred to the Texas Department of Criminal Justice, Correctional Institutional Division, and began serving his life sentence with a sentence begin date of November 2, 1987.  [ECF 3 at 44].[2]

On December 19, 2001, in an unrelated case, a Texas inmate, statutorily eligible for mandatory supervision but serving a life sentence, requested the Texas Court of Criminal Appeals, the state's highest criminal court, to issue a state writ of habeas corpus directing the state trial court order his release to mandatory supervision.  *Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2002).  That court denied relief, holding that "a life-sentenced inmate is not eligible for release to mandatory supervision" because, under a literal reading of the law governing eligibility for release to mandatory supervision, "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life."  *Id*. at 328.  The court further found that if it were to arbitrarily "substitute some number of years for a life sentence to make it possible to calculate a mandatory supervision release date," the court would be performing a legislative function reserved

---

[1] Effective September 1, 1987, Article 42.18 § 8(c), *supra*, was amended to provide that if a prisoner was either serving a sentence for various enumerated offenses, including murder, or if the judgment for the prisoner's offense contained an affirmative finding of the use of a deadly weapon in the commission of the offense, then the prisoner could not be released to mandatory supervision.

[2] This September 26, 2018 Records Office document reflecting petitioner's time calculations indicates petitioner's sentence of record as "life" and his "mand supv time credits" as "86 yrs 08 mos 25 days," although equating to "000%" of the time necessary for release to mandatory supervision.

for the Legislature, which it declined to do.  *Id.*[3]  *Franks* remains the state of the law in Texas.

Petitioner avers that on or about November 15, 2017, he received, for the first time, a "Prison Time Sheet" reflecting he "had accumulated just over 84 years of Calendar Time served and accrued Good Conduct Time."  [ECF 3 at 12].  Consequently, on March 7, 2018, petitioner filed an application for state habeas corpus relief challenging respondent's failure to release him to mandatory supervision.  *In re Munoz*, No. WR-5,692-05.  Petitioner advises he argued that despite his life sentence, he was entitled to release to mandatory supervision because his calendar time served plus his accrued good conduct time equaled the maximum term to which he was sentenced.  Petitioner advises he specifically argued the 2001 *Franks* ruling was erroneous because the Texas legislature did not intend to exclude life sentences from release to mandatory supervision, that a life sentence should have a numerical value of 60 years for purposes of mandatory supervision just as it does for purposes of parole, and thus a mandatory supervision release date can, in fact, be determined on a life sentence.

On March 14, 2018, the State, by and through the assistant district attorney for Nueces County, filed an answer to petitioner's state habeas application arguing petitioner is ineligible for release to mandatory supervision under a version of the Texas mandatory supervision statute enacted after petitioner committed his holding offense and, therefore, could not be released to mandatory supervision.  [ECF 3 at 28].  On March 16, 2018, the state trial court found the assertions contained in the State's answer were correct and that petitioner had failed to establish he was entitled to mandatory supervision.  [ECF 3 at 30].  On April 11, 2018, the Texas Court

---

[3]Two members of the court dissented, concluding, based on the legislative history, the stated goal of the mandatory supervision statute, the circumstances under which it was enacted, and consideration of the consequences of construction, that a Texas prisoner sentenced to serve a term of life is eligible for release on mandatory supervision, and that in the absence of any alternative calculation method in the statute or legislative history, that the 60-year maximum created by state statute for use in calculating parole eligibility was intended to be applied to mandatory supervision as well.  *Ex parte Franks*, 71 S.W.3d at 328-31.

of Criminal Appeals denied petitioner's habeas corpus relief without written order, declining to base its denial of relief on the findings of the trial court.

On October 15, 2018, petitioner purportedly deposited the instant application for federal habeas corpus relief in the prison mailing system, such petition being received and filed of record on October 17, 2018.

## II.
## EX POST FACTO APPLICATION OF LAW

By this proceeding, petitioner challenges what he contends is respondent's erroneous classification of his mandatory supervision eligibility status, as well as respondent's failure to release petitioner to mandatory supervised release. Petitioner initially contends respondent is erroneously classifying him as ineligible for mandatory supervised release. Specifically, petitioner argues respondent is applying a version of the Texas mandatory supervision statute enacted after the commission of his offense to render him ineligible for mandatory supervised release based on his conviction for murder. Petitioner contends the application of a subsequent statute to render him ineligible for mandatory supervision based on his offense violates the constitutional prohibition against the *ex post facto* application of laws.

Under Texas law, "[t]he statute in effect when the holding offense is committed determines an inmate's eligibility for release on mandatory supervision . . . ." *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex.Crim.App. 2005). When petitioner committed his holding offense of murder on July 26, 1986, under the version of article 42.18 section 8(c) then in effect, petitioner was not ineligible, due to the nature of his offense, from release on mandatory supervision. Petitioner contends, however, and the records he has submitted tend to support this contention, that respondent is classifying him as ineligible for mandatory supervision. Petitioner speculates

such classification is a result of respondent applying a post-July 26, 1986 version of the mandatory supervision statute *ex post facto* to erroneously classify him as ineligible for release. Petitioner bases this belief solely on the statements made in the Nueces County Assistant District Attorney's answer to petitioner's habeas application filed with the trial court during the state habeas proceeding. Petitioner does not provide any direct evidence indicating the basis of respondent's classification of petitioner's mandatory supervision eligibility at the prison level.

As noted above, the assistant district attorney's answer submitted in the state habeas proceeding did, in fact, quote to a version of the Texas mandatory supervision statute that was enacted after petitioner committed his holding offense and was not in effect when petitioner committed his holding offense. If respondent were, in fact, utilizing this version of the statute as the basis for finding petitioner ineligible for release to mandatory supervision, then petitioner's argument would potentially have merit. However, petitioner fails to demonstrate, in any definitive way, that respondent, petitioner's state-level institutional custodian, is utilizing a post-July 26, 1986 version of the mandatory supervision statute to determine petitioner's ineligibility for early release. Petitioner's argument that the county's reference to the improper law in its answer in the underlying proceedings is indicative, much less conclusive, that respondent is retroactively applying a later passed law to find he is ineligible for mandatory supervision is simply unsupported and unsupportable. Taking judicial notice of the Texas Court of Criminal Appeals long-standing holding in *Ex parte Franks* that a Texas inmate serving a life sentence is not factually eligible for release on mandatory supervision, the undersigned finds petitioner has not overcome the more plausible likelihood that this is the basis for respondent's classification of petitioner's mandatory supervision ineligibility. Petitioner has not met his burden of demonstrating an *ex post facto* violation has occurred under these circumstances.

## III.
## ELIGIBILITY FOR MANDATORY SUPERVISION

By his second ground, petitioner argues that by classifying him as ineligible for release to mandatory supervision due to his life sentence, respondent is infringing on a liberty interest and, therefore, denying him due process under the United States Constitution. Petitioner contends not only that when the Texas legislature amended the mandatory supervision statute in 1987 (after the commission of his holding offense), but also it did not intend to exclude a person serving a life sentence from being eligible for mandatory supervision release, that based on case law extra-textual factors, a life sentence has a numerical value of 60 years and, thus, a mandatory supervision release date can be determined on a life sentence. In effect, petitioner urges this Court to review, in this collateral, district court level, federal habeas corpus proceeding, the Texas Court of Criminal Appeals' 2001 ruling in the unrelated *Franks* case and find such ruling is in error.

The United States Court of Appeals for the Fifth Circuit, noting the Texas Court of Criminal Appeals concluded in *Franks* that a "life-sentenced [Texas] inmate is not eligible for release to mandatory supervision release," has held it is not the function of "a federal appellate court in a habeas proceeding to review a state's interpretation of its own law" and that a federal court will defer to the state courts' interpretation of its statute. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (*per curiam*) (quoting *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995)). The Fifth Circuit further explained, "We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law." *Id*. (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)). The holdings of the Fifth Circuit are controlling on this Court. Petitioner is not entitled to federal habeas review of the Texas Court of Criminal Appeals' interpretation of its own state's statutory law.

Petitioner is not factually eligible for mandatory supervised release under state court interpretation of state law. Petitioner thus has no constitutionally protected liberty interest in mandatory supervised release, is not entitled to federal due process, and cannot be afforded federal habeas corpus relief.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner ARNOLD MUNOZ be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 27, 2018.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).